

FILED

MAY 13 2011

U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

1  Robert Rameses P-99863
   Mule Creek State Prison
2  P.O. Box 409040 B-8-109
   Ione CA 95640
3

4    Petitioner Pro-Se

5

6          In The United States District Court For
               The Eastern District Of California
7

8  In re: Robert Rameses,        ) Petitioner's Motion For
                   Petitioner,   ) Extraordinary Remedy Of
9                                )
                                 )
10 Vs                            )Specific Performance As Part
                                 )    Of Plea Agreement
11 United States District Court, )
   For The Eastern District, The )    (TEMP)
12 United States Department Of   )    2:11-CV-1292    CMK   (HC)
   Justice, United States Attorney)
13 Richard Scruggs,United States, )
   Attorney David Demaio, F.B.I., )
14 Agent Herbert Cousins, Metro, )
   Dade Detective Rex Rembley,   )
15 Assistant State Attorney      )
   For The State Of Florida ,    )
16 Abraeam Leaser,               )
               Respondents,      )
17 _____/

18 To:  The Judges And Other Officials, Officers,Agents,State and
   Federal Attorneys Named and Obligated Herein:
19

20      I Robert Rameses (hereafter Petitioner) now motion, (as a

21 guaranteed right by state and Government contract), For Specific

22 Performance. I am alleging the State and Federal Governments

23 named but not limited to, herein have breached petitioner's plea

24 plea agreement.

25      On March 4, 1988, petitioner entered into a verbal plea

26 agreement with the United States Government and The State Of

27 Florida. This verbal Agreement made various promises, (as shall

28 be presented) however; The promise of immunity was part of the

1  inducement that petitioner relied upon to waive his rights and
2  plead guilty.

3      On March 23, 1988, Petitioner signed the written terms of
4  the plea agreement, Exhibit A ,

5      However; ratification of this agreement was delayed until
6  June 7,1988.

7      Petitioner's reasonable understanding was that by
8  pleading guilty and testifying under the inducement and grant of
9  the broadest type of use and derivitive use immunity for all
10 crimes committed before signing of the agreement, all evidence as
11 petitioner's prior convictions could not be used for any purpose
12 in any future prosecution. See Reina V United States,369,U.S.
13 507,513,81 S.Ct 260,264,5 L.Ed 2d 249 (1960). See Exhibit A ,
14 Section,13 Kastigar V U.S.,406 U.S. 441,32 L.Ed 2d 212,92 S.Ct
15 1653 (1972).

16 **Specific Performance**

17     Petitioner was promised (as a condition of his plea
18 agreement) that at his option, petitioner has a right to declare
19 his plea agreement null and void or to be sentenced in accordance
20 with provisions of sections 1 through 7 and 13 through 15 and 17
21 by means of **Specific Performance** See Plea Agreement Section 18
22 See United States V Hallam 427 F2d 168-69 (9th Cir 1973). See
23 also U.S. V Transfiguration,442 F3d 1222,1236 (9th Cir 2006).

24     On January 31, 2008, Petitioner, Before the United States
25 District Court For The Eastern District, filed a motion To Renew
26 Specific Performance of Breached Plea Agreement, Exhibit B ,
27 Which was never adjudicated.

28     Specific Performance is ordered when the defendant can

1   show prejudice, [I]n the instant case, The State of California

2   made evidentiary use of petitioner's immunized information and

3   convictions induced by the promise of immunity See Section 13 of

4   the plea agreement. In violation of his constitutionally

5   fifth amendment. Petitioner testified in various trials against

6   organized crime, For his cooperation with the government as well

7   as a permanent threat to his life, petitioner was sentenced to 25

8   to life for one count of §476(a) bad checks, under the three

9   strikes law. Not only is this gross prejudice, **Specific**

10  **Performance** is guaranteed as part of petitioner's State and

11  Government contract. See Exhibit**A+C,** also letters from Richard

12  Scruggs and David Demaio, also Section 18 of the plea

13  agreement. In which the United States Government is bound by all

14  the terms of this agreement. (The Government is involved in the

15  agreement from the onset. See Sections 7,8,9,12,13,14,and 15 of

16  the plea agreement.

17  **Evidentiary Hearing**

18       By the evidence presented herein, petitioner has proven a

19  breach of his plea agreement by a preponderance of the evidence

20  See U.S. V Packwood, 848 F.2d 1009,1011 (9th Cir 1988).

21       The government may not unilaterally declare that

22  petitioner breached his terms of the plea agreement; and a court

23  must hold a hearing to confirm the breach. See Blackledge V

24  Allison, 431, U.S. 63,76,80-82 (1977), "Allegation of a breach

25  entitles petitioner to an evidentiary hearing, **unless**

26  petitioner's allegations are "palpably incredible" or "patently

27  frivolous" or "false". (**This has never been alleged**)

28       Special circumstances exist in this case that show the

1  prosecution was taken in bad faith.

2       Petitioner has always maintained:

3          "Under the self-incrimination clause of the fifth
           Amendment, Evidence of guilt induced by promise
4          Of immunity is coerced evidence and may not be
           used against accused U.S.C.A. Const Amend 5"
5

6       See Younger V Harris, 401 U.S. at 49-54 91 S.Ct at 753.

7  "  No  credible  evidence  exists  that  petitioner  testified

8  untruthfully or otherwise failed to perform his part of the

9  bargain.  See  Santobello  V    New  York,404,U.S.  257,262-63

10 (1971). "Although a federal court may not decide an initial

11 remedy to a breach of an agreement, it may enforce constitutional

12 guarantees". " A constant factor is that when a plea rest in any

13 significant degree on a promise or agreement of the prosecutor,

14 so that it can be said to be part of the inducement or

15 consideration, such promise **must** be fulfilled .

16

17                    **Prayer For Relief**

18      Wherefore petitioner prays this court and all respondents

19 involved, to recognize your appropriate duties in the interest of

20 justice in relation to the promises made in the plea agreement

21 presented herein, requiring **specific performance** of the plea

22 agreement. Noting that when the Government breaks it's bargain it

23 undercuts the basis for the waiver of constitutional rights

24 implicit in the plea. An evidentiary hearing must issue.

25

26      5/10/2011
           DATE

27                              Resectfully Submitted

28                              Robert Rameses P-99863

UNITED STATES DISTRICT COURT

**EASTERN** DISTRICT OF CALIFORNIA

ROBERT RAMESES

v.                                                        Case Number: _____

SCOTT KERNAN

_____ _____ /

**PROOF OF SERVICE
BY MAIL**

I hereby certify that on _____5/10/2011_____, I served a copy

of the attached ____REMEDY OF SPECIFIC PERFORMANCE OF BREACHED PLEA AGREEMENT____,

by placing a copy in a postage paid envelope addressed to the persons(s) hereinafter listed, by

depositing said envelope in the United States Mail at ___M.C.S.P. P.O. Box 409040 Ione CA 95640___ :

P-99863 B-8 109.
Clerk Of The Court U.S. District          U.S. Attorney Office 501 I Street
Fo r The Eastern District Of California   Sacramento CA 95814

501 I Street Room 4-400 Sacramento California   U.S. Attorney Office 450 Golden
95814                                           Gate Ave San Francisco CA 94102

California State Attorney General         U.S. Attorney Richard Scruggs
P.O. Box 944255 Sacramento CA 94244-2550  & David DeMaio155 South Miami
Attention Kamala Harris                   Ave Suite 700 Miami Florida 3313
                                          33130

Jeffrey D. Wienkle, Esq Law Center 370 Minorca Ave
Suite 9 Coral Gables, Florida 33134

I declare under penalty of perjury that the foregoing is true and correct.

# EXHIBIT
## "A"

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR DADE COUNTY

CASE NUMBERS 86-32222,
87-3750, 87-3751 and ·87-23099
JUDGE MORPHONIOS

STATE OF FLORIDA

vs.                                PLEA AGREEMENT

ROBERT ROSIER,
also known as
NEARIAH ISRAEL,

        Defendant.

_____

        The State of Florida, and the Defendant, ROBERT ROSIER,
also known as NEARIAH ISRAEL, pursuant to plea negotiations in
Case Numbers 86-32222, 87-3750, 87-3751 and 87-23099, enter into
the following agreement:

## PLEAS

        1.    In Case Number 86-32222, the Defendant shall plead
guilty to Counts One (I) and Two (II) of the Indictment, said
charges to be reduced to Second Degree Murder; Counts Three (III)
and Four (IV) to be nolle prossed after sentencing;

        2.    In Case Number 87-3750, the Defendant shall plead
guilty to Count One (I) of the Indictment, said charge to be
reduced to Second Degree Murder; Count Two (II) to be nolle
prossed after sentencing;

        3.    In Case Number 87-3751, the Defendant shall plead
guilty to Count One (I) of the Indictment, said charge to be
reduced to Second Degree Murder; Counts Two (II) and Three (III)
to be nolle prossed after sentencing; and

        4.    In Case Number 87-23099, the State shall nolle
prosse all counts under that Information after sentencing in the
above three cases.

## SENTENCE

        5.    The Defendant shall be adjudicated guilty of each
of the felony counts to which he entered pleas of guilty.  The

Defendant shall be sentenced, in accordance with the Florida
Sentencing Guidelines, to twenty-two (22) years in the State
Prison.

## SPECIAL CONDITIONS

6.    As a special condition of this plea, the Defendant
will be placed on probation for a period of five (5) years, which
shall be consecutive to the period of incarceration set forth in
Section 5.

7.    As a special condition of this plea, the Defendant
shall provide full and complete cooperation with the Dade County
State Attorney's Office, the Metro-Dade Police Department, the
Federal Bureau of Investigation, the United States Department of
Justice, and local police departments which have jurisdiction
over crimes which have occurred in their cities, including those
crimes which involved members or followers of the Yahweh sect.
The extent of the Defendant's cooperation with those local police
departments shall be determined by the Dade County State
Attorney's office and/or the Metro-Dade Police Department.

## DEFENDANT'S OBLIGATIONS

8.    The Defendant's cooperation shall include; but is
not limited to, giving proffers and sworn statements, and
providing testimony to State and Federal Grand Juries, and taking
polygraph examinations, and providing testimony at depositions
and other official proceedings, and providing testimony at
trials; each to be provided upon the request of any of the law
enforcement entities identified in Section 7 above.  The
Defendant's cooperation shall not require him to engage in any
undercover or covert investigative activity which might
unreasonably jeopardize his physical safety.

9.    The Defendant shall give a proffer, sworn
statement(s) and testimony detailing any and all information, of
which he has knowledge, directly or indirectly, which relates to
criminal activity, including any criminal activity that has been
engaged in by members or followers of the Yahweh sect and Yahweh

(2)

Ben Yahweh, also known as Moses Israel, also known as Hulon
Mitchell, Jr.  This shall include; but is not limited to,
information about any homicide, attempted homicide, rape, arson,
fire-bombing, kidnapping, robbery, aggravated battery, aggravated
assault, child abuse, child neglect, welfare fraud, extortion
and/or food stamp fraud, and related crimes.

The testimony and/or information given under this
section and any other section of this plea agreement, shall, to
the extent known, include; but is not limited to, the following:

  a. The type of crime or crimes committed;

  b. The names and identifying information of all
   persons involved in said crimes, whether acting
   alone, in concert with others, as a principal or
   as an agent;

  c. The date and/or time frame in which the said
   crimes were committed;

  d. The location where the said crimes were committed,
   including; but not limited to, a street address,
   town, city and/or state;

  e. The motive for the said crimes being committed;

  f. The name of the person or persons who ordered or
   requested that the said crimes be committed;

  g. The manner in which the said crimes were
   committed;

  h. The names of any witness or witnesses who may have
   information about the said crimes;

  i. The Defendant must make a good faith effort to
   assist law enforcement officers in locating and
   procuring the availability of such persons,
   provided under Section 9(h), as witnesses at
   proceedings, hearings, and trials.

10.  In addition to the other proffers, sworn
statements and testimony provided, the Defendant shall give
proffers, sworn statements and testimony detailing, to the extent
of his knowledge, the following:

)

a.    The Defendant's involvement in the homicides that
comprise Case Number 86-32222;

b.    The Defendant's involvement in the homicide that
comprises Case Number 87-3750;

c.    The Defendant's involvement in the homicide that
comprises Case Number 87-3751;

d.    The names and identities, and the extent of
involvement of other persons who were involved in
the homicides set forth in Section 10(a), (b), and
(c) and information which would assist law
enforcement officers in their efforts to locate
such other persons;

e.    The circumstances and motives surrounding the
homicides set forth in Section 10(a), (b), and
(c);

f.    The Defendant's involvement in any other activity,
whether he acted as a principal or agent, in
concert or alone, in the State of Florida or in
any other jurisdiction. Said information to
include the name or identity of the victim(s), the
motive for said crime, the name(s) of any other
person(s) involved in the crime, the disposal of
the body(ies), the disposal of any other evidence,
the present location of any evidence, the present
location of any body(ies) and/or body parts and
information that would lead to the prosecution of
the other persons involved in the crime. Refer to
Section 13 for additional details on this
subsection;

g.    Information related to a fire-bombing incident
that occurred in Delray Beach, Florida, on May 20,
1986;

h.    Information related to homicides that have
occurred within the State of Florida in which the
Defendant was not personally involved and which

were committed by, or involved members or
followers of, the Yahweh sect;

i.     Information related to homicides that have
occurred outside the State of Florida in which the
Defendant was not personally involved and which
were committed by, or involved members or
followers of, the Yahweh sect;

j.     Information regarding the disposal of any dead
bodies or body parts by members or followers of
the Yahweh sect, including, but not limited to,
the location of those bodies or body parts,
regardless of whether those bodies were or were
not the results of homicides;

k.     Information regarding the location of any evidence
surrounding any of the crimes about which the
Defendant gives information under this plea
agreement;

l.     Information regarding the disposal of any evidence
surrounding any of the crimes about which the
Defendant gives information under this plea
agreement;

m.     The name(s) and identity(ies) of any person(s) who
may be a witness(es) to any of the crimes about
which the Defendant gives information under this
plea agreement; and

n.     Information relating to the involvement of
Yahweh Ben Yahweh, also known as Moses Israel,
also known as Hulon Mitchell, Jr., in any of the
matters set forth in any paragraph of this plea
agreement.

11.    The Defendant shall give proffers, sworn
statements and testimony detailing, to the extent known, any and
all information relating to the following:

a.     The internal and organizational structure of the
Yahweh sect and/or Temple of Love, Inc., and any

)

other corporations associated with the Yahweh
sect;

b.    The financial structure of the Yahweh sect and/or
Temple of Love, Inc., including, but not limited
to, the sources of funds that come in to and
expenditures and purchases which were made by the
Yahweh sect and/or Temple of Love, Inc.;

c.    Information that would assist in or lead to the
prosecution of any RICO action against the Yahweh
sect and/or Temple of Love, Inc.

## SENTENCING PROCEDURES

12.    The Court shall accept Defendant's guilty pleas,
but shall defer sentencing until the Defendant has completed the
sworn statement and polygraph examination as set forth below:

a.    The Defendant shall give a sworn statement or
statements and/or testimony covering those areas
previously covered in the proffer given by the
Defendant's lawyer and as set forth in this plea
agreement;

b.    The Defendant shall, at the option of the State,
be given a polygraph examination(s) to verify the
truthfulness and completeness of the sworn
statements previously referred to in this plea
agreement;

c.    The Defendant shall stipulate to the competency of
any and all polygraph examiner(s), the results of
any examination, and that the polygraph technique
is reliable.  The Defendant waives any right to
contest such results, competency, and reliability.
The polygraph results and any statements made by
the Defendant to the polygraph examiner(s) shall
not be used against the Defendant in any civil or
criminal proceedings;

d.    If the results of the polygraph examination(s) or
statements made by the Defendant to the polygraph

examiner(s) indicate that the Defendant's proffer
was not truthful or complete or that the Defendant
was not truthful during the retro statement(s) or
testimony in any material aspect, this plea
agreement may, at the option of the State, be
declared null and void.  If the State exercises
this option to unilaterally declare this plea
agreement null and void, all pleas shall be
vacated, and all parties shall be restored to the
positions which they occupied prior to the signing
of this plea agreement;

e.   If the Defendant satisfies all of these
conditions, the Court shall then sentence the
Defendant in accordance with Sections 1 through 6
of this plea agreement;

f.   This plea agreement shall be ratified when the
proceedings reflected in subsection [12(a)] have
occurred;

g.   Pursuant to Florida Rule of Criminal Procedure
3.172(h) and Federal Rule of Criminal Procedure
11(e)(6), evidence of an offer or a plea of guilty
(later withdrawn due to this agreement not being
ratified), or of statements made in connection
therewith, shall not be admissible in any civil or
criminal proceeding against RIEPT ROSIER, also
known as NEARIAH ISRAEL.

## IMMUNITY

13.   (1)  As consideration for the Defendant's
compliance with the terms and conditions herein, the undersigned
parties agree as follows:

a.   The State of Florida hereby confers upon the
Defendant the broadest type of use and derivative
use immunity (but not transactional immunity) for
crimes which were committed by the Defendant prior
to the signing of this plea agreement.  Such crimes

having been committed anywhere within the State of
Florida. This immunity shall apply to any charges
that may be filed against the Defendant and/or
that may arise from information provided pursuant
to these investigations. It is the intent of all
parties that the immunity conferred in this
paragraph will apply to any and all State of
Florida jurisdictions. However, should charges be
filed, the following procedures will be
implemented:

b.  Notwithstanding the grant of use and derivative
    use immunity, should charges be filed against the
    Defendant for any Yahweh sect related homicide(s)
    which were committed by the Defendant within the
    Eleventh Judicial Circuit of Florida prior to the
    signing of this plea agreement, the Defendant
    shall be permitted to enter a plea of guilty to a
    degree of homicide no greater than Second Degree
    Murder and he shall receive a sentence of no more
    than twenty-two (22) years incarceration, such
    sentence to be concurrent and co-terminous with
    the sentences which he will receive pursuant to
    Sections 1, 2, 3, and 15 of this plea agreement;

c.  Notwithstanding the grant of use and derivative
    use immunity, should charges be filed against the
    Defendant for any crimes other than homicides
    which were committed by the Defendant within the
    Eleventh Judicial Circuit of Florida prior to the
    signing of this plea agreement, the defendant
    shall be permitted to enter a plea of guilty to an
    offense no greater than a First Degree Felony, and
    he shall receive a sentence of no more than
    twenty-two (22) years incarceration, such sentence
    to be concurrent and co-terminous with the
    sentences which he will receive pursuant to
    Sections 1, 2, 3, and 15 of this plea agreement;

d. Notwithstanding the grant of use and derivative use immunity, should charges be filed against the Defendant for any crime(s) which may have been committed by the Defendant in any State or Federal jurisdiction outside of the Eleventh Judicial Circuit of Florida, such crime(s) being committed prior to the signing of this plea agreement, the parties hereto will contact the appropriate State and/or Federal Prosecutor(s) and make known to the said prosecutor(s) the nature of the cooperation and assistance provided by the Defendant to the State and the provisions of this plea agreement.

(2) By execution of this plea agreement, the Defendant hereby exercises his right against self-incrimination afforded by the Fifth Amendment to the United States Constitution. The Defendant understands that he will be served with subpoenas by the State of Florida to provide any and all information required pursuant to the terms of this plea agreement and that he will be compelled to testify and be provided immunity pursuant to Section 13 of this plea agreement. The requirement of providing the Defendant with subpoenas and/or a court order to testify after a grant of immunity pursuant to Section 13 is specifically contemplated by the terms of this plea agreement and shall not be construed as a failure to cooperate or a breach of this agreement.

## INCARCERATION

14. It is the understanding of the undersigned parties that the Defendant's compliance with the terms of this plea agreement may place him in danger of physical harm if left in State custody. Therefore, it is the understanding of the undersigned parties, that the Defendant, as part of this plea agreement, shall serve his sentence in a Federal Correctional Facility. The Defendant shall be eligible for release from incarceration in accordance with the usual State and Federal

parole, probation, sentencing guidelines, gain time, or good time procedures in effect during the Defendant's incarceration.

15. It is the understanding of the parties that as a part of this plea, the State Attorney's Office of the Eleventh Judicial Circuit of Florida, will make reasonable efforts to have the Defendant placed in a Federal Witness Security Program. Should the Defendant not be accepted into the Federal Witness Protection Plan, he shall nevertheless continue to serve his sentence in Federal custody.

16. It is the intent of all parties that if the Defendant complies with all of the material terms of this plea agreement, then the Defendant's sentence(s) for all cases falling within the scope of this plea agreement shall not exceed twenty-two (22) years incarceration.

17. It is the understanding of the undersigned parties that charges may be filed against the Defendant by the United States Attorney's Office for the Southern District of Florida pursuant to this plea agreement. It is the understanding of the undersigned parties that the Defendant will be allowed to enter a plea of guilty to such charges. The sentence entered pursuant to this plea agreement shall be concurrent and co-terminous with each other and with any sentence imposed in Federal Court.

## BREACH OF AGREEMENT

18. If the State breaches this plea agreement by failing to comply with any of the material aspects herein, (such as the failure of the Government to make any efforts in placing the Defendant in a Federal Correctional Facility or Federal Witness Security Program), the Defendant shall, at his option, have the right to declare this plea agreement null and void or to be sentenced in accordance with the provisions of Sections 1 through 7 and 13 through 15 and 17 by means of the specific performance of this plea agreement.

19. If after ratification of this plea agreement, the Defendant breaches this plea agreement by refusing to satisfy the material terms and conditions set forth in Sections 7 through 11,

the sentences given pursuant to Sections 1 through 7 shall be vacated. The Defendant hereby stipulates that he will waive all rights to be sentenced under the State Sentencing Guidelines, and he shall be sentenced to four (4) consecutive life sentences for the crimes of Second Degree Murder, without pre-October 1, 1983 parole rights, under Case Numbers 86-32222, 87-3750 and 87-3751. By signing this plea agreement the Defendant hereby waives any Double Jeopardy claim related to such an increase of his sentences.

The State of Florida expressly reserves the right to charge the Defendant with knowingly and willfully making a false statement to a government agency, obstruction of justice, and/or perjury in the event the Defendant intentionally provides untruthful or misleading information or testimony, as well as considering these acts as a violation of the terms of this plea agreement. In the event such charges are filed or the Defendant otherwise breaches this plea agreement, the Defendant's immunized statements shall be used against him. The use of those statements shall be limited to proving such charges or proving that the Defendant has violated the terms of this plea agreement.

20. No additional promises, conditions or agreements have been entered into other than those set forth in this plea agreement. Any promises, conditions or agreements that may be entered into later shall be in writing and signed by all the parties.

21. The Defendant acknowledges that he enters into this plea agreement voluntarily and of his own free will, without any coercion or threats, or promises having been made to him (other than those set forth herein). The Defendant further acknowledges that he has consulted with counsel, and fully understands all the terms and conditions of this plea agreement.

_____    3 - 2 - 88
ROBERT ROSIER                      ——————
also known as                      DATE
NEAFIAH ISRAEL

_____    7 - 2 - 88
JEFFREY D. WEINKLE                 ——————
Attorney for the Defendant         DATE

_____    March 23, 1988
ABRAHAM LAESER                     ——————
Chief Assistant State Attorney     DATE
  for Major Crimes
State Attorney's Office
Eleventh Judicial Circuit
  of Florida

_____    MARCH 23 1988
Witnessed By                       ——————
                                   DATE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR DADE COUNTY

CASE NUMBER ____Investigation____

**WITNESS SUBPOENA**
"Criminal Division"

STATE OF FLORIDA, s.s.

TO: Robert Rosier

vs.

Investigation

_____
(Defendants)

_____
(Witnesses)

TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA:          GREETINGS

We command you to summon the above witness(es) to be and appear before the State
at a date and time to be agreed upon by
Attorney of the Eleventh Judicial Circuit of Florida XXXXXXXXXXXXXXXXXXXXXXXXXXX
Assistant State Attorney, Don L. Horn, and the attorney for the witness
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXX) to testify and the truth to speak in behalf of the STATE in a certain matter

before said State Attorney pending and undetermined.

And this you shall in no wise omit.

WITNESS, RICHARD P. BRINKER, Clerk of said Court, and the seal of said Court at Miami, Dade

County, Florida, this the __23__ day of __May__ , 19 _88_ .

(Original)
(Court Seal)

RICHARD P. BRINKER, Clerk

By: _____
Deputy Clerk

RECEIVED this Subpoena on this the __24__ day of __MAY__ , 19 _88_

and executed the same on the __24__ day of __MAY__ 19 _88_ , by delivering a true

copy thereof to the witness(es) named above, as follows, to wit: _____

____Personal Service____

SHERIFF, DADE COUNTY, FLORIDA

By: _____
Deputy Sheriff

1    ROBERT RAMESES, P99863
2    Mule Creek State Prison B9-148
    P.O. Box 409000
3    IONE, California
    95640-9000
4    Petitioner Pro Se

5

6            IN THE UNITED STATES DISTRICT
       COURT FOR THE EASTERN DISTRICT OF,CA.

7

8            SACRAMENTO DIVISION

9

10 ROBERT RAMESES
         Petitioner         CASE NO. CIV S-04-1173 GEB GGH P
   V

11 SCOTT KERNAN, WARDEN (A),     DECLARATION IN SUPPORT OF
12         Respondents
                     /THE BROADEST TYPE OF USE AND
13                     DIRIVITIVE USE IMMUNITY

14

15

16

17         I, ROBERT RAMESES, PETITIONER, hereby declare and

state;under the penalty of perjury, that the foregoing facts

are true and correct. On or about themonth of  JANUARY 1988 the

state of Florida and the United States Government began plea

negotiations, whereby I ~~Robert Rozier d.a Robert~~ Rameses would pled guilty

to crimes pending and in return be given THE BROADEST TYPE OF

USE AND DIRIVITIVE USE IMMUNITY FOR ALL CRIMES COMMITED BEFORE

THE SIGNING OF THE AGREEMENT SIGNED MARCH 4th 1988. I WAS told

by the highest office in the Land, The United States Government,

that " The immunity that you have been granted protects you from

any further use of any enhancements, evidence,or any further

consequences in the future. If I ~~Robert Rozier a.k.a~~ Robert Rameses Had not been

given those terms along with others I WOULD NOT HAVE PLEAD.

1

2

3

Date 8/24 2004

4

RESPECTFULLY Submitted;

5

6

7

8

ROBERT RAMESES P99863
Petitioner Pro Se

9

10

11

12

13

14

15

16

17     I, ROBERT RAMESES, petitioner in the above style

18  cause, hereby declares under the penalty or perjury that the

19  foregoing is true and correct Executed this 24 day 8- of 2004

20  AT MULE CREEK STATE PRISON, LOCATED IN IONE CALIFORNIA

21

22

23

24

25

26

27

28

# EXHIBIT
## "B"

Robert Rameses #P99863
Mule Creek State Prison
C-15-226 P.O. Box 409000
Ione California 95640-9000

1    Petitioner Pro-Se      

2                            

3                         JAN. 8 1 2008

4        CLERK, U.S. DISTRICT COURT
       EASTERN DISTRICT OF CALIFORNIA
         BY _____
5                 DEPUTY CLERK

6

7            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10

11   Robert Rameses        ) No: CIV.S-04-1173 GEB GGH P
                Petitioner,  )   MOTION TO RENEW SPECIFIC
12                           )   PERFORMANCE OF BREACHED PLEA
                             )   AGREEMENT
13    Vs                     )
                             )
14                           )
                             )
15   Scott Kernan, Warden    )
               Respondent    )
16   _____/

17

18        I Robert Rameses, hereafter Petitioner; Motion this

19   in the above styled case to Renew Motion of Specific Performance

20   of petitioner's Breached Plea agreement. On March 23, 1988

21   petitioner entered into an agreement with the United States

22   Government and The State of Florida, this plea agreement

23   contained special considerations, Section 18 Titled Breach

24   Of Agreement "the defendant at his option( pro-se or not) have

25   the right to declare this plea agreement null and void or to

26   be sentenced in accordance with provisions of sections 1 through

27   7 and 13 through 15 and 17 by means of specific performance

28   of this plea agreement.

1       See United States V Olesen, 920 F2d 538, 540 (8th Cir

2  1990). Petitioner has met the terms of the agreedupon bargain,

3  and paid in a coin the State cannot refund. That leaves specific

4  performance as the only viable remedy See United States ex

5  rel Baker V finkbeiner, 551, F2d 180, 184 (7th cir 1977) citing

6  Santobello V New York 404 US 257 262. "Since he already performed

7  his side of the bargain, fundamental fairness demands adherence

8  as well. Petitioner raised this claim in the original petition.

9  Court Appointed Counsel omitted(above petitioner's objections)

10  this guaranteed right contained in the plea agreement. Petitioner

11  has tried on numerous occasions to order, convince, reason

12  or compel court appointed counsel as well as this court of

13  petitioner's right to specific performance. Petitioner again

14  Renews his Motion.

15

16

17

18

19  11 27/ 2008
    DATE

20

21                         Respectfully Submitted

22

23

24                         
                       Robert Rameses #P99863

25                         Mule Creek State Prison
                       C-15-226 P.O. Box 409000

26                         Ione CA 95640-9000

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Robert Rameses
_____

Plaintiff or Petitioner

v.

Scott Kernan Warden
_____

Case Number
CIV-S-08-1173 GEB GGH P

Defendant or Respondent

_____ /

I hereby certify that on  January 29  , 20 08 I served a copy

of the attached  Motion to Renew specific Performance of Breached Plea
Agreement
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at  Mule Creek State Prison P.O. Box 409000 Ione CA
95640-9000

(List Name and Address of Each
Defendant or Attorney Served)

Clerk, U.S. District Court          Deputy Attorney Gen Mathew
Eastern District of California      Chan 1300 I Street Suite
Sacramento Division 501 I Street    125 P.O. Box 944255
Room 4-400 Sacramento, CA 95814     Sacramento CA 94244-2550
Judge Hollows
                         David Porter
               Office of the Federal Defender  95814-2510
          Eastern District of California
          801 I Street 3rd floor Sacramento California

I declare under penalty of perjury that the foregoing is true and correct.

_____

(Name of Person Completing Service)

ROBERT RAMESES
P-99863  B-9-148L
M.C.S.P.
P.O. Box 409040
Ione, CA 95640-9000
In Pro Se

QUIN DENVER #49374
Federal Defender
DAVID PORTER, BAR #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700



Re: ROBERT RAMESES v. GARY LACY, et al.,
    USDC Case No. CIV-S-04-1173 GEB GGH P

Dear Mr. Porter,

Pursuant to our March 15, 2006, phone conversation, I am
responding as follows:

On November 28, 2005, I received a copy of the "Memorandum of
Points and Authorities In Support of Amended Petition for Writ of
Habeas Corpus". After reading the amended petition, I noticed
that there was no answer to the argument I presented in my pro se
petition to the District Court. My question, therefore, to you
Mr. Porter, is why my SPECIFIC PERFORMANCE argument was omitted?
Now, I agree totally with the issues you raised in the amended
petition, however, I believe my "specific performance" issues
should have been raised as well. You see, I want to know (and
think it's crucial to address), if my acceptance of the
government negotiated plea bargain, creates an enforceable
constitutional right to have my plea agreement specifically
enforced?

After all, no one is contesting the following facts: (1) that
a enforceable plea bargain exists; (2) that I fulfilled my
obligations of the plea agreement; (3) that had there been no

1

inducement for me to plea guilty the present scenario would not
exist; (4) had I gone to trial in Florida and lost, I would not
be in the present situation; (5) had I gone to trial in Florida
and won, I would not be in this situation.

We know that California made derivative use of my crimes from
Florida to convict me under the 3-Strikes law. What I want to
know, is whether the government is responsible for allowing this
to happen? It is well established law, that when the government
breaks its bargain, it undercuts the very basis of the
constitutional rights waiver implicit in the plea agreement.
Also, where the prosecutor or the government has broken the plea
agreement, it is appropriate for me to seek the enforcement of
that agreement, i.e., specific performance.

As I expressed to you in our phone conversation, and I'm
again expressing to you now, the "specific performance" issue
must be preserved!

The government encouraged the negotiation of this plea;
Therefore, the question is, does the district court accept as
constitutionally legitimate, the fact that the government (whose
interest at the plea bargaining table was to persuade me to not
enter a plea of not guilty and to forego my rights), can then
turn around and allow a third party persuasive entity, to apply
future consequences based on facts and information that were
explicitly covered in the plea bargain.

> THE BROADEST TYPE OF USE AND DERIVATIVE USE
> IMMUNITY FOR CRIMES COMMITTED BEFORE THE
> SIGNING OF THE AGREEMENT.

The Due Process Clause is not a code of ethics for prosecutors,

it concerns the manner in which persons are deprived of their liberty. As Gary Lacy said: "We shall succeed where Florida failed." Florida succeeded in negotiating a plea of guilty. A "plea of guilty" is more than a confession which admits the accused did various acts. It is itself a conviction. In my case it was a conviction induced under the promise of immunity. Immunity that was later violated when facts and information covered by the immunity was used to convict and sentence me under the 3-Strikes law for one count of PC §476(a), involving non-sufficient funds checks. This not only incredible "in and of itself", it cast doubt on whether the government's word/promise can be relied upon.

Therefore, with all due respect, I'd just like to emphasize, that I want you to please, expand, augment, enlarge, amend, supplement, notice, GOOGLE or whatever you have to do, in order to address and preserve the specific performance issue in this federal habeas litigation.

I, Robert Rameses, am now entering a "FORMAL OBJECTION" based on the facts presented in this letter, and based on the omissions from the original federal habeas petition.

If the "specific performance" issue has "not" been omitted, and is preserved and can in fact be addressed on traverse, please disregard this objection.

Dated: _____, 2006

_____
Robert Rameses, P-99863
In Pro Se

cc: Honorable Judge Gregory G. Hollows

3

ROBERT RAMESES
P99865 C-15 226 M.C.S.P.
P.O. Box 409040 Ione CA
95640-9000

Quin Denver # 49374
Federal Defender
David Porter Bar 127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone; (916) 498-5700

       Re:Robert Rameses V Gary Lacey et al
       USDC Case No: CIV-S-04-1173 GEB GGHP


Dear Mr. Porter,

     I am happy to report that my research has determined that
the constitutional principle that the prosecution must establish
guilt (convictions) by evidence independently and freely secured,
and may not by coercion prove it's charge against an accused
out of his own mouth. This also reaches evidence of guilt
(convictions) induced from a person under governmental promise
of immunity, and such evidence must be excluded under the self-
incriminaton clause of the fifth Amendment. . . . . . . . . .

     Shotwell M.F.G. Co V United States, 371 US 341 9 Led 2d
357, 83 SCT 448. Not only is this still good law it's United
States Supreme Court Law (1963) I am sure you already know
this. I can't let go of the fact that the Government continues
to attempt to change the facts about my pleA FROM Florida.
The third Appellate District P.J. Scotland in his answer to
Petition for Writ of Habeas Corpus changed the facts of my
plea. Implying to the court that I plead guilty to four counts
of second degree murder for leniency of 22 years and dismissal
of three murder counts, Then agreed to testify under the grant

of immunity about the cult and my involvement.(P.J. Scotland
June 3, 2003 Court of Appeal Third District Pg 5). The fact
of the offer of immunity for crimes (convictions) committed
before the signing of the agreement is the most important reasons
that I agreed to plead guilty.

"In 1988, Mr Rameses faced charges of first degree murder
and other offenses in four separate cases in Florida". He entered
into a plea agreement to dispose of all those crimes whereby
he was to pled guilty to four counts of second degree murder
with the understanding that he would be sentenced to no more
than 22 years in prison."(Here comes the switch)"Pursuant to
the terms of Rameses's written plea agreement, Rameses was
to provide testimony about his knowledge of the criminal
activities engaged in by Y.B.Y. and members or followers of
the Yahweh sect and his own involvement in the homicides charged
against him, for his testimony he was given use and derivative
use immunity" Mathew Chan Deputy Attorney General pg 26 lines
11-18 Answer to petition for Writ of Habeas Corpus.(dated January
26, 2006).

Why? are they attempting to misrepresent the facts?
Maybe by changing the facts of the case, they can avoid the
convictions and argue such issues as non-evidentary use or
independent source, and just plain "convictions are not immunized

In this case (yes they are) remember, immunity for crimes
before the signing of the agreement.

> "It is stated that in safeguarding the petitioner against
> future federal and state prosecution for or on account
> of any transaction matter or thing concerning which
> he was compelled to testify, the immunity statute granted
> him immunity fully coextensive with the constitutional
> privilege.

In Katz V United States 1967 389 US 347, 19 Led 2d 576, 88
SCT 507,

> "It was recognized that an immunity statute could supplant
> the fifth amendment privilege against self-incrimination
> if it afforded adequate protection from future prosecution
> or conviction.

I was compelled to stand as a witness against myself with

the promise that nothing would be used against me in the future.

They cant make derivative use of the convictions.


## In Conclusion

The government has no independent source. Everything derived

from me and my big mouth. The Miami Herald, The internet, The

convictions, The facts, The circumstances of everything about

what happened, What the A.G. and the Judges Wrote, The other

witnesses, ALL derived from me. Prove Different.

The governments argument is based on an unreasonable finding

of fact with regard to the evidence presented in the state

court §28 USC 2254 (d)(1)-2 State findings of fact are presumed

correct unless rebutted by clear and convincing evidence.

By misrepresenting the facts, and removing immunity from

the guilty plea to obtain the convictions,the government is able

to create confusion thereby placing the focus on the sizzle and

not the steak.

We can't allow no wiggle room Mr Porter.

Yours Truely
Robert Rameses P99863 Mule Creek
State Prison Ione CA-95640-9000

Date 8/12/2007

Robert Rameses #P99863
Mule Creek State Prison
C-15-226 P.O. Box 409000
Ione california 95640-9000

1     Petitioner Pro-Se

2

3

4

5

6

7         IN THE UNITED STATES DISTRICT COURT

         FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10

11  Robert Rameses    ) No: CIV. S-04-1173 GEB GGH P
            Petitioner,)

12               )   MOTION FOR RECONSIDERATION OR
               )   REHEARING UNDER FEDERAL RULES OF

13  Vs            )   CIV PROCEDURE 59-60
               )

14               )
               )

15  Scott Kernan, Warden )
          Respondent )

16  _____/

17

18      I Robert Rameses, hereafter Petitioner, a Pro-Se litigant

19  respectfully Motions this court in the above styled case, To

20  Reconsider or Rehear facts of this case in values a question

21  of exceptional importance in the District Court. Petitioner

22  "strongly believes, The Honorable United States District Judge

23  Garland E. Burrell Jr's adoption of Federal Magistrate Judge

24  Gregory Hollows Findings and Recommendations filed November 27,

25  2007 is based on an erroneous legal premise as well as a

26  misunderstanding of. the "facts" that can be readily corrected

27      Petitioner was allowed to raise "specific allegations"

28  after Federal Magistrate Judge's Findings and Recommendations.

1      To Wit          CONTRARY Standard

2  On February 25 2008 Magistrate Judge Gregory Hollows Ordered

3  petitioner's request for waiver of counsel and pro-se

4  representation be Granted, As well as Docket entries 56 and 60

5  are revived and along with Docket entry 64. Docket entry is a

6  Renewal of a Motion Filed August 27, 2004 For Specific

7  Performance of petitioner's breached plea agreement. Specific

8  Performance was a condition and a right bestowed to petitioner by

9  by the United States Government See section 18 of plea agreement

10  as well as letters Binding The United States Government.See

11  Exhibit A "When a Plea rest in any significant degree on a

12  promise or an agreement of the prosecutor, so that it can be said

13  to be part of the inducement or consideration, such promise must

14  be fulfilled, Specific Performance of the agreement or plea,

15  citing, Santobello V New York 404 U.S. 257, 92 S Ct 495, 3O LEd.

16  2d 427 (1971). Petitioner proves that the state court's decision

17  was contrary to clearly established federal law and that the

18  state court applied a rule that contradicts the governing law set

19  forth.Citing Williams V Taylor, 529 U.S. 362, 4O5, 12O S Ct 1495,

20  1519, 146 L Ed 2d 389, 425 (2000) Magistrate Judge Gregory

21  Hollows Findings and Recommendations Entered November 27, 2007 DO

22  NOT address these of the "promise" of Specific Performance

23  Indorsed by The United States Government. See Exhibit____ .

24      ALSO     UNREASONABLE APPLICATION STANDARD

25  The United States Government Guaranteed petitioner that no

26  derivative use will be made by any government of any of the

27  information revealed in petitioner's testimony in the future in

28  any proceedings against petitioner. See Kastigar V United States

1  406 U.S. 441. 92 S Ct 1653, 32 L Ed 2d 212 (1972). The State of

2  California applied the standard to the facts of petitioner's case

3  in an unreasonable way and by using evidence of guilt (Three

4  Strikes) at a separate hearing did not extend the correct

5  standard to cover the 5th Amendment Violation petitioner

6  suffered. See <u>Williams V Taylor</u> 529 U.S. 362, 408-09, 120 S Ct

7  1495, 1520-21, 146 LEd 2d 389, 427 (2000) See <u>Ramdass V Angelone,</u>

8  530 U.S. 156, 166, 120 SCt 2113, 2120, 147 LEd 2d 125, 136 (2000)

9      The statute authorizes federal habeas corpus relief if,

10  under clearly established federal law, a state court has been

11  unreasonable in applying the governing legal principle to the

12  "facts' of the case. Magistrate Judge Gregory Hollows Findings

13  and Recommendations Entered November 27, 2007 <u>DO</u> <u>NOT</u> address

14  these revived claims. Ordered February 25, 2008.

15      LASTLY  <u>UNREASONABLE DETERMINATION OF "FACTS" IN LIGHT
           OF THE EVIDENCE PRESENTED IN THE STATE COURT</u>

16      <u>PROCEEDING</u>

17      On February 25 2008 Petitioner was allowed to re-present

18  evidence of "fact" that the state court had wrong and that this

19  court had mistakenly adopted. Petitioner presents clear and

20  convincing evidence that successfully rebuts the state court

21  presumption of correctness. It is evident, the state court

22  interpreted some of the evidence incorrectly and based it's

23  rulings on the misinterpreted evidence. The state ignored legally

24  relevant "facts" that it needed to consider to reach the correct

25  results. See Exhibit____ The State alleges that petitioner First

26  plead guilty <u>THEN</u> entered into an immunity agreement wrong. The

27  true facts Plea bargain signed March 23, 1988 Plead Guilty June 7

28  1988. See <u>Torres V Prunty</u> 223 F3d 1103, 1110 n6 (9th Cir 2000).

(?)

1      This court adopted the erroneous presumption of

2  correctness in Magistrate Judge Findings and Recommendations on

3  November 27, 2007.

4      Petitioner request, That the Honorable United States

5  District Judge Garland E Burrell, Jr "please" with your infinite

6  wisdom and superior knowledge and understanding explain with

7  specificity to petitioner who is a lowly inmate and layman of the

8  law.By what means and in what manner were you able to conduct a

9  De Nove review of the "facts" of this case with all of the new

10  developments, and then adopt in full Findings and Recommendations

11  filed November 27, 2007 that Do Not adress any of the legal

12  "issues of fact" filed after petitioner was granted Pro-Se status

13  on February 25, 2008.

14                **PRAYER FOR RELIEF**

15    Wherefore petitioner preys that this court grant this

16  Motion for Reconsideration or Rehearing Under Federal Rules Of

17  Civ Procedure 59-60. In the alternative at least grant an

18  Evidentiary Hearing to review Rebuttal Evidence to answer these

19  questions of exceptional importance based on erroneous legal

20  premise as well as misunderstanding of facts. Petitioner begs

21  this court for a full and fair opportunity to litigate.

22

23  4/5/2008             RESPECTFULLY SUBMITTED

       DATE

24

25

26                       Robert Rameses #P99863 C-15-226

                        Mule Creek State Prison Ione CA

27                       95640-9000 P.O. Box 409000-9000

28                         Petitioner Pro-Se

(۸)

1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  DAVID M. PORTER, Bar #127024
   Assistant Federal Defender
3  801 I Street, 3rd Floor
   Sacramento, California 95814
4  Telephone: (916) 498-5700

5  Attorney for Petitioner
   ROBERT RAMESES
6

7              IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  ROBERT RAMESES,              )  NO. Civ. S-04-1173 GEB GGH P
                                 )
12              Petitioner,      )  **ORDER**
                                 )
13       v.                      )
                                 )
14  SCOTT KERNAN, Warden,        )
                                 )
15              Respondent.      )
                                 )
16  _____ )

17                    O R D E R

18       Pursuant to the petitioner's request (#63) and the motion of

19  petitioner's counsel (#66), and good cause appearing therefor, it is

20  hereby ORDERED that the Office of the Federal Defender is relieved as

21  counsel for petitioner, and Mr. Rameses will henceforth represent

22  himself.  The hearing set on the motion for March 20, 2008, is hereby

23  VACATED.

24       Docket entries #56 (previously disregarded), #60 (previously

25  stricken) are revived in the docket, and are now, along with docket

26  entry #64, to be construed as Mr. Rameses' objections to the magistrate

27  judge's findings and recommendations.  Respondent has twenty days from

28  the date of this order to file a reply, if any, to the deemed

1  objections.  Petitioner's request for leave to amend/supplement the

2  traverse/pleading is denied (#65).

3      The Clerk of Court is directed to amend the service list to

4  reflect that the Office of the Federal Defender is no longer

5  representing petitioner, and that Mr. Rameses is now representing

6  himself.  All documents, pleadings and orders shall be served on

7  petitioner directly as follows:

8  Mr. Robert Rameses
   P-99863 / Bldg 15 - 226
9  MULE CREEK STATE PRISON
   P.O. Box 409000
10 Ione, CA 95640-9000

11 DATED: 02/25/08                    /s/ Gregory G. Hollows
                                     United States Magistrate Judge
12

13 rame1173.wtd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT
## "C"

U. S. Department of Justice

United States Attorney
Southern District of Florida

Refer:  ☐ 155 S Miami Ave., Suite 700     ☐ 299 E. Broward Blvd., Rm. 203B     ☐ 301 Clematis Street,   Room 317
To  :  ☒ Miami, Florida  33130-1693      ☐ Ft. Lauderdale, Florida   33301     ☐ West Palm Beach, Florida 33401

May 10, 1990

Jeffrey Weinkle, Esq.
Coral Gables, FL

RE:  Robert kozier

Dear Mr. Weinkle:

   This is to confirm the agreement between the United States of
America and your client Robert Rozier in which the United States
agrees to be bound by all of the terms of the plea agreement
entered into between Mr. Rozier and the State of Florida.
Furthermore, it is agreed that no federal charges will be filed
against Mr. Rozier for any of the criminal acts disclosed by Mr.
Rozier during the course of his interviews with federal and state
law enforcement.

                    DEXTER W. LEHTINEN
                    UNITED STATES ATTORNEY


              BY:  _____
                    RICHARD SCRUGGS
                    ASSISTANT UNITED STATES ATTORNEY



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

---

*155 South Miami Avenue, Suite 700*
*Miami, Florida 33130*

April 12, 1989

Jeffrey D. Weinkle, Esq.
The Law Center
370 Minorca Avenue, Suite 9
Coral Gables, Florida  33134

Re: Testimony of Robert E. Rosier

Dear Mr. Weinkle:

This letter is to advise you that with regard to any
information or testimony of Robert Earnest Rosier, also known as
Neariah Israel, the United States Department of Justice considers
itself bound by the terms of the written Plea Agreement between
the State of Florida and Robert Rosier entered on March 23, 1988.

Accordingly, this office, pursuant to Paragraphs 7 and 8 of
the Agreement, may from time to time request Mr. Rosier's
assistance in the form of truthful information or testimony at
debriefings, grand jury proceedings, and civil or criminal
trials.  It is our position that should we request such
assistance or testimony -- regardless of whether or not the
United States is a party to the proceedings involving Mr.
Rosier's testimony, deposition or debriefing -- the United States
and its agencies would be bound by Paragraph 13 of the Agreement
concerning use and derivative-use immunity.  Because our
subpoenas, unlike the State of Florida, do not confer use
immunity automatically, it is our position that our request for
assistance or testimony is sufficient to trigger the immunity
provisions of Paragraph 13.

Very truly yours,

DEXTER W. LEHTINEN
UNITED STATES ATTORNEY

By:
DAVID MICHAEL DeMAIO
ASSISTANT UNITED STATES ATTORNEY