IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAMSES,

      Petitioner,                    No. CIV S-11-1292 KJM GGH P

     vs.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA,
et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a document entitled "motion for extraordinary remedy of specific performance as part of plea agreement." This case has been properly reassigned to the undersigned, pursuant to Local Rule 190(d),[1] because petitioner has previously filed a petition in the same matter under 28 U.S.C. § 2254. In the instant matter, this time naming an inappropriate respondent under the guise of seeking specific performance of a plea agreement for which petitioner served his shortened sentence long ago,[2]

---

[1] See Order, filed on August 8, 2011.

[2] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule

1

1  petitioner once again unmistakably challenges the same California state court conviction at issue
2  in Civ-S-04-1173 GEB GGH P when he alleges that a prior Florida plea bargain was breached
3  when he was sentenced under the Three Strikes Law in California to a state prison term of 25
4  years to life for passing bad checks.  Petitioner even encloses documents identifying the prior
5  case, Civ-S-04-1173 GEB GGH P, within the instant filing. In the prior habeas, which was
6  denied,[3] of which the undersigned takes judicial notice,[4] a putative motion by petitioner for relief
7  pursuant to Rule 60(b) was dismissed as a successive petition for which this court does not have
8  jurisdiction without the Ninth Circuit's prior authorization.  See CIV-S-04-1173 GEB GGH P,
9  Findings and Recommendations, filed on October 8, 2010, adopted by Order filed on December
10 13, 2010.  Apparently undaunted, petitioner then filed a second motion for relief, purportedly
11 pursuant to Fed. R. Civ. 60(b), which was "stricken as wholly duplicative" of the prior motion.
12 See id., Order, filed on April 25, 2011.

13         A petition is successive, under 28 U.S.C. § 2244(b) where it "seeks to add a new
14 ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the merits*
15 . . ." Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2648 (2005) [emphasis in original].  "[A]
16 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of
17 conviction." Id., at 530, 125 S.Ct. at 2647.  "A habeas petition is second or successive only if it
18 raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576
19 F.3d 1028, 1029 (9th Cir. 2009), citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir.2008).

---

2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).

[3] The judgment of the district court was affirmed on appeal.  See docket # 83 in Civ-S-04-1173 GEB GGH P.

[4] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

In the instant filing, petitioner again appears to be making every effort to circumvent the rule regarding a second or successive petition. Under Ninth Circuit Rule 22-3(a), a petitioner "seeking authorization to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 or § 2255." Moreover, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Ninth Circuit Rule 22-3(a).

Thus, it is very clear that this court is unable to consider the successive petition without prior authorization by the Ninth Circuit. Under 28 U.S.C. § 2244(b)(3)(A), leave must first be obtained from the court of appeals to file a second or successive petition before petitioner can proceed in district court. Felker v. Turpin, 518 U.S. 651, 656-657, 116 S. Ct. 2333 (1996). This is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152, 127 S. Ct. 793 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). Therefore, the case should be dismissed and petitioner must first seek and obtain leave from the Ninth Circuit Court of Appeals before he may pursue this matter in the district court.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's "motion for extraordinary remedy of specific performance as part of plea agreement," construed as a petition pursuant to 28 U.S.C. § 2254, be dismissed without prejudice as successive and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

1 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

2 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: August 10, 2011

4                                                /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

6 GGH:009
rame1292.scs