IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT RAMESES,

        Petitioner,                  No. CIV S-11-1292 GEB GGH P

    vs.

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
et al.,

        Respondents.           ORDER

_____/

        By order filed on January 4, 2012, this habeas petition was dismissed without prejudice and judgment thereon entered. Petitioner filed a motion for entry of new judgment on February 7, 2012 (by application of the mailbox rule,[1] on January 26, 2012), and a notice of appeal, on February 22, 2012, as well as a motion for a certificate of appealability. The certificate of appealability was denied, on June 14, 2012, and the appeal was processed. Thereafter, an order issued, on July 7, 2012, from the Ninth Circuit's Clerk of Court, informing this court that the appeal would be held in abeyance pending the district court's ruling on petitioner's motion for a new judgment, in accordance with Fed. R. App. P. 4(a)(4).[2] See Order,

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities. See Fed. R. App. P. 4(c)(1).

[2] Under Fed. R. App. 4(a)(4), the time for filing an appeal "runs for all parties from the entry of the order disposing of the last such remaining motion" as, inter alia, a timely filed Rule

1

filed on , citing <u>Leader National Insurance Company v. Industrial Indemnity Insurance Company</u>, 19 F.3d 444 (1994).

In the February 7, 2012, motion, which he referenced again in a filing on May 25, 2012, was brought, according to petitioner, under Fed. R. Civ. P. 59(a)(2), which states:

> ***Further Action after a Nonjury Trial***.  After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Given that there was no trial in this habeas matter, petitioner simply does not have any basis for bringing this motion:

> As this circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir.2003).  Rather, the court is "bound by those grounds that have been historically recognized." *Id*.  Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). We have held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir.2000).

<u>Molski v. Cable, Inc</u>., 481 F.3d 724, 729 (9th Cir. 2007).

The court will construe petitioner's motion as one to alter or amend a judgment, under Fed. R. Civ. P. 59(e).  Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 230(j)(3) requires that a party seeking reconsideration of a district court's order to brief the "new or different facts or circumstances which did not exist or were not shown upon such prior

---

59 motion "to alter or amend the judgment..." Fed. R. App. 4(a)(4)(iv).

2

1  motion, or what other grounds exist for the motion... ." The rule derives from the "law of the
2  case" doctrine which provides that the decisions on legal issues made in a case "should be
3  followed unless there is substantially different evidence . . . new controlling authority, or the
4  prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v.
5  Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d
6  589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

        Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to engage in "either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991) ( "motions for reconsideration are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented."). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

        This habeas application was dismissed as successive because herein:

> petitioner once again unmistakably challenges the same California state court conviction at issue in Civ-S-04-1173 GEB GGH P when he alleges that a prior Florida plea bargain was breached when he was sentenced under the Three Strikes Law in California to a state prison term of 25 years to life for passing bad checks.

See Findings and Recommendations (docket # 10), p. 2, adopted by Order (docket # 13).

        Petitioner, in his motion to alter the judgment, raises no new ground or change in the law, but rather persists in seeking to proceed on what he mischaracterizes as a new ground, his claim for specific performance of the allegedly breached plea bargain referenced above.[3] By

---

[3] As has been previously set forth in the instant case, petitioner herein challenges the same California state court conviction that was before the court in Case No. 2:04-cv-1173 GEB

3

seeking to frame the instant petition as one for leave to amend a petition, a petition that has been previously adjudicated, petitioner cannot evade the procedural requirements of 28 U.S.C. § 2244(3)(A) requiring that "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[4]

Nor do petitioner's references to requests for recusal of the undersigned and Magistrate Judge Hollows bear consideration where his claims of bias are wholly unfounded, unsubstantiated and without merit.

Accordingly, IT IS ORDERED that:

1. Petitioner's motions, filed on February 7, 2012, and on May 25, 2012, to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59(a), properly construed as filed pursuant to Fed. R. Civ. P. 59(e), are denied;

2. No further pleadings from petitioner will be accepted in this closed case; and

\\\\\

---

GGH P, wherein he alleged that a prior Florida plea bargain had been breached when he was sentenced under California's Three Strikes Law to a 25-year-to-life sentence for passing bad checks. See docket #'s 10 and 13. The prior habeas petition was denied on March 31, 2008, and judgment was entered, following which petitioner challenged that judgment by filing a putative Fed. R. Civ. P. 60(b) motion, which was denied on December 9, 2008, the same day on which a certificate of appealability was issued. See No. 2:04-cv-1173 GEB GGH P, docket #'s 69-72, 76, 77. The Ninth Circuit's mandate affirming the district court judgment was filed on April 27, 2010, in this district court. Id., docket # 83. Undaunted, petitioner filed another motion for relief from judgment on Oct. 7, 2010, which was dismissed as a successive petition over which this court had no jurisdiction absent the Ninth Circuit's pre-authorization. Id., at docket #'s 85, 87, 89. When petitioner nevertheless persisted in challenging the judgment in Case No. 2:04-cv-1173 again, in the form of another Rule 60(b) motion, the latter motion was stricken as duplicative of the prior motion. Id., citing Case No. 2:04-cv-1173 GEB GGH P. Undaunted, petitioner filed yet another Rule 60(b) (this was actually the fourth such motion counting the earliest 60(b) motion filed prior to the appeal), which was dismissed on Oct. 31, 2011, in Case No. 2:04-cv-1173; and it was ordered that further filings in that closed case were to be disregarded. Docket # 98 of Case No. 2:04-cv-1173. In the instant case, petitioner has repeated what this court finds to be an abusive pattern.

[4] Under Ninth Circuit Rule 22-3, an applicant who seeks leave to file a second or successive habeas petition or motion to vacate, set aside or correct a sentence is directed to use the appropriate form provided by the appellate court's clerk.

1   3.  The Clerk of the Court is directed to serve a copy of this order upon the Ninth
2 Circuit.

Dated:  August 14, 2012

*/s/ Garland E. Burrell, Jr.*
GARLAND E. BURRELL, JR.
Senior United States District Judge